**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARTIN NOGALES, | No. 12-55996 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-02146-IEG-BLM |
| v. | |
| WARDEN MCDONALD and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted October 13, 2015**

Before: THOMAS, Chief Judge and D.W. NELSON and LEAVY, Circuit Judges.

Jose Nogales appeals the denial of his federal habeas petition, challenging

his conviction for two counts of second degree murder and one count of shooting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

at an inhabited dwelling. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The district court did not err in denying Nogales's petition. Sufficient evidence presented at trial allowed the jury to infer that Nogales was not only present, but that he was the shooter. The evidence presented to the jury at trial showed that (1) Nogales possessed the gun used in the June 22, 2007 and July 8, 2007 shootings; (2) Nogales had gun residue on his left hand the morning after the July 8th shooting; (3) Nogales's fingerprint and DNA were on the murder weapon; (4) Nogales's fingerprints and palm print were lifted from the truck used in the shooting; (5) Nogales was an active member of the Paradise Hills gang; and (6) the shooting was gang-related.

Though the evidence amassed to convict Nogales was largely circumstantial, such evidence "can be used to prove any fact, including facts from which another fact is to be inferred, and is not to be distinguished from testimonial evidence insofar as the jury's fact-finding function is concerned." *Payne v. Borg*, 982 F.2d 335 (9th Cir. 1993) (internal quotation marks and citation omitted). "A jury's credibility determinations are . . . entitled to near-total deference" in a case such as this. *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The district court did not err in denying the petition.

We construe Nogales's briefing on the uncertified issue regarding the improper admission of propensity evidence at trial as a motion to expand the certificate of appealability (COA). *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007). Nogales cannot make a substantial showing of the denial of a constitutional right because no clearly established Supreme Court precedent has held that the admission of propensity evidence violates the Constitution. *Cf. Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). Thus, we deny Nogales's motion to expand the COA.

**AFFIRMED.**

12-55996